IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ELAINE J. SHIPLEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FOREST LABORATORIES, LLC,<br><br>　　　　　Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:06-cv-48-TC |

　　　　In this products liability case, Plaintiff Elaine Shipley is suing Defendant Forest Laboratories, LLC for wrongful death.  Ms. Shipley's husband committed suicide a few weeks after he began taking the antidepressant drug Lexapro.  She alleges that Forest failed to warn Mr. Shipley and his health care providers about the risks associated with Lexapro, particularly "the potential for [Lexapro] to induce its users to commit, or attempt to commit, suicide."  (Compl. at 2-3, Dkt. No. 1.)

　　　　On July 13, 2015, the court issued an order applying Utah law and finding (1) that Forest owed a duty to warn about the potential adverse effects of Lexapro, and (2) that genuine issues of material fact exist concerning the causation elements of Ms. Shipley's failure to warn claim. (July 13, 2015 Order & Mem. Decision (Dkt. No. 125) ("July Order").)  For those reasons, the court denied Forest's request for summary judgment.

　　　　On September 22, 2015, under Rule 41 of the Utah Rules of Appellate Procedure, Forest filed its Motion to Certify Question to the Utah Supreme Court (Dkt. No. 128).  Under that rule, "[t]he Utah Supreme Court may answer a question of Utah law certified to it by a court of the United States when requested to do so by such certifying court acting in accordance with the

provisions of this rule if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain." Utah R. App. P. 41(a) (emphasis added).  Forest contends that Utah law is uncertain on the issue of proximate cause in a failure-to-warn claim.  Specifically, Forest challenges the court's application of (1) the rebuttable presumption that a legally adequate warning would be heeded, and (2) the learned intermediary doctrine.  It proposes the following question for certification:

> Does a plaintiff asserting a prescription drug failure-to-warn claim have the burden of proving that, with the alleged adequate warning, the prescribing physician would not have prescribed the drug, and does Utah recognize a rebuttable heeding presumption for prescription drug warnings to a learned-intermediary that relieves that burden?

(Mot. to Certify (Dkt. No. 127) at 2.)

Certification is inappropriate here because Utah law is sufficiently clear on those issues. (See July Order at 22-23 (citing cases).)  Forest's disagreement with this court's interpretation and application of Utah law to Ms. Shipley's pharmaceutical failure-to-warn claim does not justify certification of a legal question to the Utah Supreme Court.  Forest may be unhappy with the result, but its remedy lies with an appeal of the court's decision to the Tenth Circuit Court of Appeals.  For the reasons set forth above, Defendant Forest Laboratories, Inc.'s Motion to Certify Question to Utah Supreme Court (Dkt. No. 127) is DENIED.

SO ORDERED this 14th day of October, 2015.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge